UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIE K. BEJJANI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2727 |
| | § | |
| WILMINGTON TRUST COMPANY AS | § | |
| SUCCESSOR TRUSTEE FOR THE | § | |
| STRUCTURED ASSET INVESTMENT | § | |
| LOAN TRUST, MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES 2005- | § | |
| 1, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Pending before the Court is the defendants', Wilmington Trust Company as Successor Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-1 and Chase Home Finance LLC,[1] motion for summary judgment (Docket Entry No. 11). The plaintiff, Elie K. Bejjani, filed a response (Docket Entry No. 12), to which the defendants replied (Docket Entry No. 13). After having carefully reviewed the motion, the responses, the record and the applicable law, the Court grants the defendants' motion.

**II.    Factual Background**

This case concerns a dispute over the cancelled foreclosure sale of the plaintiff's condominium. On November 24, 2004, the plaintiff purchased a condominium unit,[2] in

---

[1] The defendants claim that JPMorgan Chase Bank, National Association, is the successor by merger to Chase Home Finance LLC. The Court refers to the Chase entity that is party to this suit as "Chase."

[2] More particularly, the contested property is:
  Residential Apartment-Home Unit Number 2306 in Building "II" and the Space Encompassed by the boundaries thereof and the exterior surface for the associated balcony, patio, parking spaces

connection with which he signed an adjustable rate promissory note for $63,000, with interest. The note is secured by a deed of trust encumbering the property. While not the original mortgagee, Wilmington is the current holder of those loan documents, and Chase services the mortgage for Wilmington.

Eventually, the plaintiff defaulted under the note by failing to make required payments. On June 1, 2010, the defendants mailed a letter to the plaintiff, accelerating the debt and enclosing a notice of trustee's sale scheduled for July 6, 2010. The notice informed him of his right to reinstate the loan as provided in the deed and by Texas law, and it included a number to call to obtain reinstatement figures.

The plaintiff's counsel faxed the defendants' counsel a letter of representation and requested a reinstatement figure on June 25, 2010. On July 2, 2010, the defendants' counsel faxed plaintiff's counsel a letter stating that they had requested a reinstatement quote and would forward it to him upon receipt. Also on July 2, 2010, the plaintiff filed suit in state court, and that court entered a conditional temporary restraining order to stay the foreclosure.[3] On July 12, 2010, the defendants gave the plaintiff a reinstatement quote of $21,455.36. Thereafter, the defendants timely removed the suit to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

---

and undivided percentage interest in the common elements, if any, of Trophy Club Condominium No. 1, Phase 2, A Condominium Project in Harris County, Texas, established by that certain condominium declaration and exhibits attached thereto, recorded in Volume 80, Page 1, Volume 106, Page 127, Volume 115, Page 5 and Volume 117, Page 94, all of the condominium records of Harris County, Texas, and more commonly known as: 14555 Wunderlich Drive, Apt. #2306, Houston, Texas 77069.

[3] The state court conditioned the order to stay foreclosure on the posting of a bond for $17,803.65, which was the plaintiff's outstanding balance for late fees and missed payments. Although the plaintiff did not post this bond, the defendants lifted the foreclosure sale upon receipt of a courtesy copy of the plaintiff's state court petition.

### III. Contentions of the Parties

#### A. The Plaintiff's Contentions

The plaintiff contends that the defendants breached the deed by not sending him a reinstatement quote before the anticipated foreclosure sale of his condominium on July 6, 2010. He maintains that he desired to reinstate the loan, and that he has made numerous attempts to do so. He asserts claims for: (1) breach of contract; (2) Deceptive Trade Practices Act ("DTPA") violations; (3) Texas Debt Collection Practices Act ("TDCPA") violations; (4) declaratory relief; and (5) injunctive relief. In his response to the present motion, he also asserts claims for common law and statutory fraud.

#### B. The Defendants' Contentions

The defendants contend that the plaintiff defaulted on his loan, and that his entire suit is premised on his faulty allegation that the defendants deprived him of a contractual right to reinstate his loan by not providing him a reinstatement quote before July 6, 2010. They maintain that they had no contractual duty to give him a reinstatement quote, let alone a duty to give him that quote before his self-created deadline. They aver that each of his claims fails, and that even if he were to prevail on any of his claims, he has suffered no compensable damages. They argue that he is not entitled to attorney's fees because those are his only purported monetary damages. They assert that his claims for declaratory and injunctive relief are moot, and that in his response, he abandoned his claims under the DTPA and TDCPA.

### IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009)

(internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

**V.     Analysis and Discussion**

The Court grants the defendants' motion. The entire basis of the plaintiff's complaint is his allegation that the defendants deprived him of his contractual right to reinstate his loan by not providing him with a reinstatement quote before the anticipated property foreclosure sale on July 6, 2010. However, the defendants were under no contractual obligation to provide him with a reinstatement quote, nor were they bound to adhere to his time frame. Even if they had such obligations, their alleged misconduct did not cause any compensable injury to the plaintiff. He alleges no monetary damages besides attorney's fees, and he was not deprived of his opportunity to reinstate the loan.

In his response, the plaintiff apparently abandoned his claims for DTPA and TDCPA violations and injunctive relief.[4] Furthermore, his requests for declaratory and injunctive relief are moot because the defendants cancelled the intended foreclosure sale and gave the plaintiff a reinstatement quote. Lastly, the plaintiff cannot raise a statutory or common law fraud claim for the first time in response to the present motion, and regardless, he has testified that the defendants did not lie or make any false representations to him.

### A.     Breach of Contract

The Court grants the defendants' motion regarding the plaintiff's breach-of-contract claim. To prevail on this claim, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Valero Mtkg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (internal citation and emphasis omitted).

The plaintiff cannot establish the latter three elements of his claim. He admittedly defaulted on the note, and he has not shown that the defendants breached the deed. Thus he cannot show a causal relationship between that nonexistent breach and his alleged damages. While the defendants accommodated the plaintiff's request for a reinstatement quote, they were

---

[4] According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex L.R. 7.4. Notwithstanding the plaintiff's failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, the defendants, as "[t]he movant[s, have] the burden of establishing the absence of a genuine issue of material fact and, unless [they have] done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).

under no contractual obligation to do so.[5] Under the deed, the defendants are required to notify the plaintiff of his right to reinstate, but they are not required to calculate the reinstatement figure for him, much less send him that calculation within three business days.[6]

Nor has the plaintiff shown that he suffered recoverable damages. The "existence of damages resulting from breach is [an] essential element of [a] breach-of-contract claim." *Employees Ret. Sys. of Texas v. Putnam, LLC,* 294 S.W.3d 309, 318 (Tex. App. – Austin 2009, no pet.) (internal citation omitted). The plaintiff cannot prevail on this claim because he cannot "establish that his pecuniary loss was a result of the breach." *See Employees Ret. Sys. of Texas*,

---

[5] The applicable deed language puts the burden on the plaintiff to take the steps necessary to reinstate the loan:

**Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender . . . Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. [¶ 19].

**Acceleration; Remedies**. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If default is not cured on or before the date specified in the notice, Lender at its option may . . . invoke the power of sale and any other remedies permitted by Applicable Law. [¶ 22].

[6] Under the deed, the plaintiff would have had to reinstate his loan at least "prior to" five days before the scheduled foreclosure sale on July 6, 2010, meaning that the plaintiff would have had to reinstate his loan before July 1, 2010. The plaintiff's counsel requested the reinstatement quote on June 25, 2010, only three full business days before July 1, 2010.

294 S.W.3d at 318 (internal citation omitted). He admits that the only "damages" he suffered was incurring attorney's fees, which are not recoverable unless he is first awarded actual damages as a result of the alleged breach that he has not established. *See Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (citing, *inter alia*, TEX. CIV. PRAC. & REM. CODE § 38.001(8)). Thus, the Court grants the defendants' motion on this issue.

**B.     DTPA**

The Court grants the defendants' motion regarding the plaintiff's DTPA claim. "To maintain a DTPA cause of action, the claimant must establish that (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) such actions were the producing cause of the claimant's actual damages." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App. – Ft. Worth, 2007, writ denied) (citing, *inter alia*, TEX. BUS. & COM. CODE § 17.50(a)).

Regarding the first element, a "consumer" under the DTPA is an individual "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4). "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor service." *Fix*, 242 S.W.3d at 160 (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173-74 (Tex. 1980)); *see also, Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006). This general rule also applies to borrowers who assert DTPA claims against mortgage servicers – such as Chase in the instant case. *See White v. Mellon Mortgage Co.*, 995 S.W.2d 795, 801 (Tex. App. – Tyler 1999, no writ) (citing *FDIC v. Munn*, 804 F.2d 860, 865 (5th Cir. 1986)). While a lending transaction can

be considered the purchase of a good or service if it is incident to the purchase of a tangible good, consumer standing still requires that the complaint be about that tangible good. *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707-08 (Tex. 1983) (finding a DTPA because the complaint was about a tangible good).

The plaintiff is not a DTPA "consumer." His complaint relates to the loan of money he received from the original mortgagee, which is not a party to this suit. He has alleged no dealings between himself and the defendants at the time the loan was executed. Thus, he did not seek to purchase or lease any goods or services from the defendants. The plaintiff has consumer status only to the extent that his complaint deals with the property, not the loan itself, but he has made no complaint pertaining to the property. His sole complaint is that he did not timely receive a loan reinstatement quote. Therefore, he lacks standing as a DTPA consumer.

Regarding the second element of a DTPA claim, the plaintiff has not shown that the defendants engaged in any deceptive acts. Mere allegations of breach of contract, without more, do not constitute "false, misleading or deceptive acts" in violation of the DTPA. *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 14 (Tex. 1996) (internal citations omitted); *Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.*, 661 S.W.2d 933, 935 (Tex. 1983) (internal citations omitted). As with all of the plaintiff's claims, his DTPA claim is based solely on his contention that the defendants breached the deed by failing to timely provide him with a reinstatement quote. He admits that the defendants did not lie to him or make any false representations to him.

Regarding the third element of a DTPA claim, the plaintiff did not suffer any recoverable damages, and those damages that he does allege were not caused by the defendants' purported misconduct. A producing cause must be both a substantial factor and a cause-in-fact of the plaintiff's injuries. *See Alexander v. Turtur Assocs.*, 146 S.W.3d 113, 117 (Tex. 2004) (internal

citation omitted); TEX. BUS. & COM. CODE § 17.50(a). He admits that he suffered no actual damages and is only seeking attorney's fees, but he cannot be awarded attorney's fees under the DTPA unless he is awarded actual damages. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995) (internal citations omitted).[7]

While it is questionable whether the plaintiff had access to sufficient funds to reinstate the loan in June or July of 2010, that question is neither genuine nor material. Despite having received a reinstatement quote over a year ago, the plaintiff has still not tendered the money to reinstate the loan. Accordingly, the Court grants the defendants' motion on this issue.

### C. TDCPA

To the extent the plaintiff has not abandoned his TDCPA claim, the Court grants the defendants' motion regarding it. To prevail on a TDCPA claim, the plaintiff must prove that the defendants committed or were going to commit an act against him in violation of the TDCPA and that he was injured as a result. *See* TEX. FIN. CODE § 392.403. The defendants committed no TDCPA violation. The foreclosure sale was cancelled, and the plaintiff admits that the defendants did not harass him, lie or make false representations to him. As such, the Court grants summary judgment on this issue.

### D. Declaratory Judgment

The Court grants the defendants' motion regarding the plaintiff's declaratory judgment claim. "Declaratory judgment . . . is appropriate only if (1) a justiciable controversy exists as to the rights and status of the parties; and (2) the controversy will be resolved by the declaration sought. *See Park Cities Ltd. P'ship v. Transpo Funding Corp.*, 131 S.W.3d 654, 662 (Tex. App.

---

[7] Additionally, the plaintiff's alleged damages – the attorney's fees he incurred seeking to avoid foreclosure – resulted from his default on the note. The defendants did not cause him to default on his debt obligation, and they did not prevent him from tendering sufficient funds to reinstate his loan. If he had sufficient funds to reinstate the loan in June or July of 2010, regardless of whether the defendants had given him a reinstatement quote, he could have done so.

– Dallas 2004, no pet.) (citing *Texas Dept. of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App. – Austin 1998, no pet.)).

The declarations that the plaintiff seeks will not resolve any justiciable controversy between the parties. Rather, they are a mere recasting of his breach-of-contract claim. He brought suit to prevent a foreclosure sale that has since been cancelled and to obtain a reinstatement quote that he received over a year ago. His request for declaratory relief is therefore moot. *See Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 326 (Tex. App. – Houston [14th Dist.] 2009, pet. denied).

Moreover, the Texas Declaratory Judgment Act does not apply in federal court, because it is procedural (not substantive) law for *Erie*[8] purposes. *See Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 410 (5th Cir. 2006) (citing *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)) (noting that two other Fifth Circuit decisions have "held that this Court's precedent forecloses the use of the [Texas Declaratory Judgment Act] in federal Court). Accordingly, as the plaintiff's argument rests wholly on the inapplicable Texas Declaratory Judgment Act, his request for declaratory relief fails as a matter of law.

### E. Injunctive Relief

The Court grants the defendants' motion regarding the plaintiff's claim for injunctive relief. A request for injunctive relief, absent another successful legal cause of action, is fatally defective and does not state a claim. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12. Because the plaintiff cannot prevail on any other claim against the defendants, his request for injunctive relief fails as a matter of law. Furthermore, like his request for declaratory relief,

---

[8] "Under *Erie*, federal courts apply state substantive law 'to any issue or claim which has its source in state law.' . . . Yet, federal law, rather than state law, invariably governs procedural matters in federal courts." *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (internal citations omitted).

his request for injunctive relief is moot because the anticipated foreclosure sale was cancelled and he obtained a reinstatement quote last year. *See Robinson*, 298 S.W.3d at 326.

### F. Fraud

The Court grants the defendants' motion regarding the plaintiff's claims of common law and statutory fraud. The elements of common law fraud are:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party suffered injury.

*Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). The elements of the plaintiff's statutory fraud claim are set forth in Texas Business and Commerce Code § 27.01.

The plaintiff's common law and statutory fraud claims, raised for the first time in his response to the defendants' current motion, are not properly before the Court. *Cutrera v. Bd. of Supervisors of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court"); *see also, Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990). Even if his fraud claims were properly before the Court, the plaintiff testified in his deposition that the defendants did not lie to him or make any false representations to him. Therefore, no genuine issue of material fact exists regarding these fraud claims, and the Court grants the defendants' motion on this issue.

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendants' motion for summary judgment.

It is so **ORDERED**.

SIGNED at Houston, Texas this 22nd day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge